Mary Jo O'Neill, AZ Bar No. 005924
William R. Hobson, AZ Bar No. 006887
Mark J. Sorokin, AZ Bar No. 031960
**Equal Employment Opportunity Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
Telephone: (602) 535-0412
Fax: (602) 640-5009
Email:   mary.oneill@eeoc.gov
              william.hobson@eeoc.gov
              mark.sorokin@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Bell Leasing, Inc., d/b/a The Berge Group, and<br><br>Bell-Arrow Automotive, Inc., d/b/a Bell Lexus,<br><br>　　　　　　　Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMAND)** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Sara Thorholm and other aggrieved individual applicants who were adversely affected by such policies and practices. As alleged with greater particularity in paragraphs 28-43 below, Defendants

utilize and apply a pre-employment drug test policy that screens out applicants with disabilities and has the effect of discriminating on the basis of disability. Defendants applied this policy to refuse reasonable accommodations to and withdraw a job offer extended to Sara Thorholm when she failed a pre-employment drug test because of medication she takes to treat her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §

2000e-5(f)(1).

4. At all relevant times, Defendant Bell Leasing, Inc. ("Bell Leasing"), doing business as The Berge Group, has continuously been doing business in the State of Arizona and the City of Scottsdale, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Bell-Arrow Automotive, Inc. ("Bell-Arrow"), doing business as Bell Lexus, has continuously been doing business in the State of Arizona and the City of Scottsdale, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Bell Leasing has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant Bell Leasing has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. At all relevant times, Defendant Bell-Arrow has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. At all relevant times, Defendant Bell-Arrow has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times, Brent Berge was the Owner, President, and CEO of

Defendant Bell Leasing.

11. At all relevant times, Brent Berge was the Owner, President, and CEO of Defendant Bell-Arrow.

12. Bell Leasing operates the Berge Group, under which several automobile dealerships are affiliated, including the Bell Lexus dealership operated by Defendant Bell-Arrow.

13. At all relevant times, Jim Krbec was employed as Human Resources Director for Defendant Bell Leasing.

14. At all relevant times, Jim Krbec was at least involved in the daily human resources needs for Defendant Bell-Arrow, including with respect to hiring and revocation of job offers.

15. At all relevant times, Bell-Arrow utilized policies and procedures promulgated by Bell Leasing, for at least its human resources functions, including policies related to pre-employment drug testing.

16. At all relevant times, in the normal course of his employment, Krbec sent emails from an email address that ended in @bergegroup.com.

17. At all relevant times, John Ajluni was employed by Bell-Arrow.

18. At all relevant times, in the normal course of his employment, Ajluni sent emails from an email address that ended in @bergegroup.com.

19. At all relevant times, Bell Leasing and Bell-Arrow have operated as an integrated enterprise.

20. At all relevant times, Bell Leasing and Bell-Arrow have operated as joint employers.

## **ADMINISTRATIVE PROCEDURES**

21. More than thirty days prior to the institution of this lawsuit, Sara Thorholm filed a charge with the Commission alleging violations of the ADA by Defendants.

22. The EEOC provided Defendants with notice of the charge of discrimination.

23. On December 10, 2015, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA was violated and invited Defendants to join the Commission in informal methods of conference, conciliation, and persuasion in an attempt to eliminate and remedy the alleged unlawful employment practices and provide appropriate relief.

24. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

25. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

26. On May 5, 2016, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

27. All conditions precedent to the institution of this lawsuit have been

fulfilled.

## STATEMENT OF CLAIMS

28. Thorholm has an impairment, attention deficit disorder ("ADD"), which substantially limits one or more major life activities, including but not limited to, the major life activities of brain functioning, neurological functioning, concentrating, learning, and reading, and constitutes a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

29. On or about August 21, 2013, Thorholm applied to work at Bell Lexus as a product specialist or salesperson.

30. Thorholm was qualified to perform the essential functions of the product specialist or salesperson positions with or without reasonable accommodation.

31. Defendants offered Thorholm a job.

32. Since at least June 2012, Defendants have had a policy and/or practice of requiring prospective employees to take a drug test after receiving offers of employment.

33. Since at least June 2012, Defendants have had a policy and/or practice of uniformly refusing to employ any applicant who tested positive for any of the classes of substances on a list identified by Defendant, regardless of whether the positive drug test resulted from medication taken to treat a disability.

34. On or about August 22, 2013, in keeping with the policy alleged in paragraph 33, Ajluni, on behalf of Defendants, withdrew the job offer made to Thorholm because Defendants decided that she tested positive for one of the substances on a list

identified by Defendant.

35. On or about August 22, 2013, Defendants identified to Thorholm the type of substance for which she tested positive.

36. The substance that caused Thorholm to test positive is a prescribed medication she takes to treat her ADD.

37. On or about August 22, 2013, Thorholm informed Defendants of the medication that caused the failed drug test, offered to provide medical documentation showing she had a prescription for the medication, and offered to change her medication.

38. On or about August 23, 2013, Jim Krbec refused to consider Thorholm's offer to provide documentation or change her medication.

39. Defendants refused to provide Thorholm any reasonable accommodation, which would have allowed her to be hired.

40. Defendants refused to engage in the interactive process in order to determine if there was a reasonable accommodation, which would have allowed Thorholm to be hired.

41. Defendants refused to hire Thorholm.

42. On or about August 23, 2013, Krbec told Thorholm, "we choose to maintain a working climate that is a little out of step with contemporary values."

43. Since at least June 2012, Defendants have engaged in unlawful employment practices in violation of Title I of the ADA, 42 U.S.C. § 12112(a), (b)(3), (5)(A) and (B), and (6). These unlawful employment practices include, but are not

limited to, the following:

    a. Refusing to hire Thorholm and a group of aggrieved individuals who were qualified applicants with disabilities on the basis of their disabilities in violation of 42 U.S.C.§ 12112(a);

    b. Refusing to hire Thorholm and a group of aggrieved individuals who were qualified applicants with disabilities because of their need for reasonable accommodations of Defendants' drug testing policy, in violation of 42 U.S.C. § 12112(b)(5)(A);

    c. Refusing to provide Thorholm and a group of aggrieved individuals who were qualified applicants with disabilities reasonable accommodations of Defendants' drug testing policy, in violation of 42 U.S.C. § 12112(b)(5)(B);

    d. Utilizing standards or criteria though application of and enforcement of their drug testing policy that have the effect of discriminating against Thorholm and a group of aggrieved individuals who were qualified applicants on the basis of disability, in violation of 42 U.S.C. § 12112(b)(3); and

    e. Using qualification standards, employment tests, or selection criteria through application of and enforcement of their drug testing policy that screen out or tend to screen out a group of aggrieved individuals who were qualified applicants with disabilities, including Thorholm, in violation of 42 U.S.C. § 12112(b)(6).

44.    The effect of the practices complained of in the foregoing paragraphs has

been to deprive Sara Thorholm and a group of aggrieved individuals who were qualified applicants of equal employment opportunities and otherwise adversely affect their status as job applicants because of disability.

45. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

46. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Sara Thorholm and a group of aggrieved individuals who were qualified applicants with disabilities who were adversely affected by such practices.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Sara Thorholm and a group of qualified applicants with disabilities by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate

the effects of its unlawful employment practices.

D.  Order Defendants to make whole Sara Thorholm and a group of qualified applicants with disabilities by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendants to make whole Sara Thorholm and a group of qualified applicants with disabilities by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Sara Thorholm and a group of qualified applicants with disabilities punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 25th day of August, 2016.

                    P. DAVID LOPEZ
                    General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC 20507-0004


MARY JO O'NEILL
Regional Attorney

*/s/ Mark J. Sorokin*
MARK J. SOROKIN
Trial Attorney

WILLIAM R. HOBSON
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff