FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 0 5 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Civil Action No. 2:16-cv-02848-DKD |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| Bell Leasing, Inc., d/b/a The Berge Group, | |
| and | |
| Bell-Arrow Automotive, Inc., d/b/a Bell Lexus, | |
| Defendants. | |

## I. RECITALS

1.   This matter was instituted by Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC" or "Commission"), an agency of the United States government, alleging that Defendants Bell Leasing, Inc. and Bell-Arrow Automotive, Inc. (collectively "Defendants") failed to provide reasonable accommodation of Sara Thorholm's disability – Attention Deficit Disorder – in violation of the Americans With Disabilities Act of 1990, as amended ("ADA"), and terminated its offer to employ Ms.

Thorholm because of her disability and need for reasonable accommodation and instituted a drug testing policy that screened out persons with disabilities and had the effect of discriminating against persons with disabilities. Defendants have denied the allegations.

2. The Parties to this Decree are the EEOC and Defendants.

3. The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter an enforceable Consent Decree.

4. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5. In entering this Decree, Defendants make no admissions, and expressly deny liability to the EEOC, Sara Thorholm, or any other individual.

6. For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II. JURISDICTION

7. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

8. **Term:** The duration of this Decree shall be one (1) year from the date of signing by the Court.

9. **Scope:** The terms of this Decree shall apply solely to Defendants.

## IV. ISSUES RESOLVED

10. This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that arise from EEOC Charge Number 540-2013-

03244, filed by Ms. Thorholm.

11. Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

12. Judgment is hereby entered in favor of the Commission and against Defendants in the amount of $45,000.00.

13. Defendants will not condition the receipt of individual relief upon Ms. Thorholm's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to re-apply for a position at any of Defendants' facilities.

14. To resolve these claims, Defendants shall pay a total of $45,000 to Sara Thorholm, allocated as follows:

    14.1. Twenty thousand dollars ($20,000) as back pay and lost earnings; and

    14.2. Twenty-five thousand dollars ($25,000) as compensatory damages.

15. The back pay payment shall be reported on IRS Form W-2. Defendants shall be responsible for paying its share of payroll taxes for back pay and, in accordance with a W-4 submitted by Ms. Thorholm, withholding applicable payroll taxes owed by Ms. Thorholm. The compensatory damages payment shall be reported on IRS Form 1099 and shall not be subject to withholdings. Ms. Thorholm shall be responsible for any tax liability resulting from compensatory damages payments.

16. The payments required under this Decree shall be sent by some verified delivery system (e.g., via certified mail, return receipt requested, or Federal Express) to Ms. Thorholm within ten (10) calendar days after the Court's entry of this Decree or ten (10) calendar days after receipt of her W-4 whichever is later, and to the address provided by the EEOC.

17. Within three (3) business days after the payments are sent to Ms.

Thorholm, Defendants shall submit to EEOC copies of the checks issued to Ms. Thorholm.

18. Defendant shall expunge from Ms. Thorholm's applicant file (a) any and all references to the allegations of discrimination filed against Defendants that formed the basis of this action; and (b) any and all references to Ms. Thorholm in this action.

## VII. EQUITABLE RELIEF

### A. Injunctive Relief

19. Defendants, their officers, agents, and successors, and other persons in active concert or participation with it, or any of them, and their agents shall not engage in any employment practice which discriminates on the basis of disability.

20. Defendants, their officers, agents, successors, and other persons in active concert or participation with them, or any of them, shall not engage in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the ADA. Defendants shall not retaliate against a person because such person makes a formal or informal request for reasonable accommodation. Defendants shall not retaliate against a person because such person testifies or participates in an investigation or prosecution of an alleged violation of the ADA. Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who the EEOC identifies as having assisted in the investigation giving rise to this action.

### B. Equal Employment Opportunity Policy Review

21. Within ninety (90) calendar days of the entry of this Decree, Defendants shall, in consultation with its counsel, review and revise if necessary all of its existing ADA policies to ensure that all such policies conform to the law.

22. The written ADA policies must include at a minimum:

  22.1. A strong and clear commitment to preventing unlawful disability discrimination;

  22.2. A clear and complete definition of discrimination based on disability;

22.3. A statement that discrimination based on disability or retaliation is prohibited and will not be tolerated;

22.4. A written policy that addresses how reasonable accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment; and

22.5. A written statement that all employees or applicants subject to Defendants' drug testing policies may request a reasonable accommodation on the basis of disability.

### C. Policy Review

23. Within ninety (90) days of the entry of this Consent Decree, Defendants shall review and revise its drug test policy and/or practice to ensure no job applicant is asked or required to submit to a drug test prior to extension of a conditional offer of employment. In doing so, Defendants shall communicate to all managers and any employee with hiring authority that its drug test cannot be administered to a job applicant prior to a conditional offer of employment. In the event that the Ninth Circuit or the U.S. Supreme Court should rule that pre-employment drug testing is permissible under the ADA before a conditional offer of employment is extended, then Defendants may resume drug testing prior to extending a conditional offer.

24. Within ninety (90) calendar days of the entry of this Decree, Defendants shall, in consultation with its counsel, review and revise its existing drug testing policies to ensure that the policies allow for reasonable accommodation.

25. The written drug testing policy must state at a minimum that:

25.1. Defendants may not require a drug test prior to extending a conditional offer of employment to a job applicant.

25.2. Defendants will engage in the interactive process as appropriate when a positive drug trust may result from a prescription drug;

25.3. Job applicants may notify Defendants of any medications that are legally prescribed and request an exemption;

25.4. Defendant will consider reasonable accommodations; and

25.5. Defendants shall keep confidential and in a separate medical file all information regarding lawful prescription drug use obtained as part of any drug test.

**D.    *Training***

26. During the term of this Decree, Defendants shall provide annual equal employment opportunity training for the following employees at each of Defendants' facilities: Managerial, Supervisory, and Human Resources Employees. Under this provision, these employees will be trained at a minimum in the following areas: (a) understanding the kind of conduct which may constitute unlawful discrimination; (b) the consequences of engaging in discriminatory behavior; and (c) Defendants' procedures for handling accommodation requests. All training under this Paragraph shall be at Defendants' selection and expense. The training will be conducted as follows:

26.1. Managerial and Supervisory Employees: All individuals who work in a supervisory or managerial capacity, including but not limited to all owners, managers, and anyone with hiring, disciplinary, and/or discharging authority, will receive at least two (2) hours of training regarding the ADA and other federal anti-discrimination laws including reasonable accommodation and disability discrimination. Employees who are newly hired or promoted into a human resource position will complete one (1) hour of general equal employment opportunity training within sixty (60) calendar days of being hired or promoted into a human resource position. The training under this Paragraph must be provided by outside vendors either in person or on-line by an accredited source.

26.2. Human Resource Employees: All individuals who work in a human resource capacity will receive at least eight (8) hours of training on the ADA and other federal anti-discrimination laws including reasonable

accommodation and disability discrimination. Employees who are newly hired or promoted into a human resource position will complete two (2) hours of general equal employment opportunity training within sixty (60) calendar days of being hired or promoted into a human resource position. The training under this Paragraph must be provided by outside vendors either in person or on-line by an accredited source.

27. Defendants agree that the training session for each employee group identified above, will take place within one hundred and twenty (120) calendar days after the Court's entry of this Decree. Covered personnel shall both register and attend the training sessions.

28. The Commission, at its discretion, may designate one or more Commission representatives to attend any live training sessions described above or to review any on-line training, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the live sessions. Defendants shall provide the Commission with notice thirty (30) calendar days before a live training session will be conducted, or alternatively, Defendants may provide a comprehensive schedule of trainings planned for the term of the decree, if such is more convenient.

D. *Notice Posting*

29. Within five (5) business days after the Court's entry of this Decree, Defendants shall post in each of its facilities, in a conspicuous place frequented by job applicants and employees, the Notice attached as Attachment A to this Decree. The Notice shall be the same type, style, and size as set forth in Attachment A. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy. Defendants shall certify to the Commission, in writing, within ten (10) business days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

## VIII. RECORD-KEEPING AND REPORTING PROVISIONS

30. For the duration of this Decree, Defendants shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

    30.1. Complaints of pre-employment discrimination on the basis of disability and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

    30.2. Requests for pre-employment accommodation and records documenting efforts to provide any such accommodation, including records reflecting what accommodations were considered and/or provided; and

    30.3. All documentation associated with each pre-employment drug test administered by Defendants including, but not limited to, drug test request forms, drug test results, laboratory reports, any communications related to the drug test, and any request for reasonable accommodation from the drug test and subsequent decisions.

31. Defendants shall provide one report following the entry of this Decree. The reports shall be due eight (8) weeks prior to the date on which the Decree is to expire.

32. **Reporting Requirements:** Each report shall provide the following information:

    **32.1. Reports of Discrimination and Retaliation**

        32.1.1. For purposes of this paragraph 32, the term "report of discrimination" will include any written or verbal complaint which alleges disability discrimination and/or retaliation based upon any drug test following a conditional offer of employment, even if such terminology is not used in the complaint. The complaint need not

invoke the terms "discrimination," "ADA," "violation," or "rights," etc.

32.1.2. The report will include:

32.1.3. A brief summary of each report of discrimination, the person or persons to whom the report was made; the person or persons responsible for responding to the request; and what, if any resolution was reached except that attorney-client and attorney work product are not to be released;

32.2. **Drug Tests and Results.** If (a) drug test administered by Defendants after a conditional offer of employment returns a positive result for a substance that has legal use under Federal law; and (b) Defendants does not hire the applicant, then:

32.2.1. For each person who was not hired after the drug test returned a positive result for a substance that has legal use under Federal law, the substance which caused that person to fail the drug test; and an explanation as to why the person was not hired.

32.2.2. Training

32.2.2.1. For each training program required under this Decree and conducted during the reporting period, Defendants shall submit a registry of attendance and/or certificate of completion.

32.2.2.2. For each training program conducted by an outside consultant or vendor not affiliated with Defendants, Defendants will identify the consultant and/or vendor and provide a copy of the program agenda or online training materials.

32.2.2.3. **Posting of Notice:** Defendants shall recertify to the Commission that the Notice required to be posted under

this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

33. This Court shall retain jurisdiction of this cause for the term of this Decree for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for applicants.

34. There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

35. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

36. Absent extension, this Decree shall expire by its own terms one (1) year from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

37. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

38. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

39. Unless otherwise indicated, any notice, report, or communication required

under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Mary Jo O'Neill
Regional Attorney
EEOC Phoenix District Office
3300 N. Central Ave, Suite 690
Phoenix, AZ 85012

Amy J. Gittler
Jackson Lewis P.C.
2938 East Camelback Road, Suite 1060
Phoenix, AZ 85016

## XIII. SIGNATURES

40. The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 5th day of JUNE, 2017.

BY THE COURT:

_____
David K. Duncan
United States Judge

BY CONSENT:
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _Mary Jo O'Neill_
Mary Jo O'Neill
Regional Attorney

Date: 5/18/17

BELL LEASING, INC.

By: _Duane Wilkes_
Duane Wilkes
Controller

BELL-ARROW AUTOMOTIVE, INC.

By: _Duane Wilkes_
Duane Wilkes
Controller

Date: 5/18/17

|   |   |
|---|---|
| /s/ Mark J. Sorokin<br>Mark J. Sorokin<br>Trial Attorney<br>EEOC Phoenix District Office<br>3300 North Central Ave, Suite 690<br>Phoenix, AZ 85012<br><br>Attorneys for Plaintiff EEOC | APPROVED AS TO FORM:<br>/s/ Amy Gittler<br>Amy Gittler<br>JACKSON LEWIS P.C.<br>2398 East Camelback Road, Suite 1060<br>Phoenix, AZ 85016<br><br>Attorneys for Defendant |

# ATTACHMENT A

## NOTICE

Bell Leasing, Inc. and Bell-Arrow Automotive, Inc. emphasize their commitment to equal employment opportunity in its operations. Bell Leasing, Inc. and Bell-Arrow Automotive, Inc. will not tolerate discrimination against any applicant for employment or employee on the grounds of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information.

Under the Americans With Disabilities Act of 1990, as amended (ADA), it is against the law for an employer to discriminate based upon the disability of an applicant or employee. It is also against the law for any employer to retaliate against an applicant or employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Bell Leasing, Inc. and Bell-Arrow Automotive, Inc. respect the rights of its employees and applicants for employment to work in an environment free from discrimination and retaliation. Accordingly, Bell Leasing, Inc. and Bell-Arrow Automotive, Inc. reaffirm their commitment to complying with the ADA and prohibiting all discrimination based on disability and/or retaliation.

Any applicant or employee who believes that he or she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, disability, or genetic information has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Bell Leasing, Inc. / Bell-Arrow Automotive, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

Bell Leasing, Inc. and Bell-Arrow Automotive, Inc.

By: _____      Date _____